UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADLEY SMITH, | Case No. 2:13-CV-1936 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant(s). | |

Presently before the court are the report and recommendation of Magistrate Judge Leen. (Doc. # 2). Plaintiff Bradley Smith (hereinafter "plaintiff") filed an objection to the report and recommendation. (Doc. # 4). To date, the government has not responded.

**I.     Background**

Plaintiff's complaint states claims under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). (Doc. # 3). Upon reviewing plaintiff's complaint pursuant to 28 U.S.C. § 1915(a), Magistrate Judge Leen recommended that plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. # 2).

**II.    Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

**James C. Mahan**
**U.S. District Judge**

1. The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### III.  Discussion

Magistrate Judge Leen recommended that plaintiff's complaint be dismissed because the Civil Service Reform Act ("CSRA") precludes plaintiff's claims under the FTCA. (Doc. # 2). Further, Magistrate Judge Leen found that leave to amend the complaint was not warranted because plaintiff's claims cannot be cured. (Doc. # 2).

In his objection, plaintiff recognizes that his claims are preempted by the CSRA and that his complaint cannot be cured by an amendment. (Doc. # 4). However, plaintiff asks the court to dismiss his claims without prejudice "so they can be pursued through the Office of Special Counsel." (Doc. # 4).

Based on the foregoing, the court finds that Magistrate Judge Leen did not err in recommending that the complaint be dismissed for failure to state a claim upon which relief may be granted. The CSRA preempts the claims at issue, so the court lacks subject matter jurisdiction over them. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

For this reason, dismissal with prejudice is appropriate. The CSRA's administrative procedures are plaintiff's exclusive remedy for the claims at issue. Consequently, it would be impossible for plaintiff to cure the deficiencies in his complaint through amendment or refiling. Dismissal with prejudice by this court will not preclude plaintiff from pursuing his claims under the CSRA.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1  Therefore, after conducting de novo review of the portions of the report to which plaintiff
2  objected, the court finds good cause to ADOPT the magistrate judge's findings in full.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Leen, (doc. # 2), are ADOPTED in their entirety.

IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED with prejudice because plaintiff's exclusive remedy is under the CSRA's administrative procedures.  The clerk shall enter judgment accordingly and close the case.

DATED August 29, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -